IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAM MANNINO ENTERPRISES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN W. STONE OIL DISTRIBUTOR, ) <br> LLC, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. 3:14-06 <br><br> JUDGE KIM R. GIBSON |

MEMORANDUM OPINION

I. Introduction

Pending before the Court is a motion to dismiss for lack of personal jurisdiction filed by Defendant John W. Stone Oil Distributor, LLC. (ECF No. 11). For the reasons explained below, the motion will be denied.

II. Background

Plaintiff Sam Mannino Enterprises, LLC ("Mannino") alleges the following facts in its complaint, which the Court accepts as true for the disposition of the pending motion. Mannino is a Pennsylvania limited liability company, and Defendant John W. Stone Oil Distributor, LLC ("Stone") is a Louisiana limited liability company. (ECF No. 1-2, Compl. ¶¶ 1-2). Mannino alleges that, on or about July 3, 2013, an agent of Stone contacted him "about leasing sixty tank type railcars." (*Id.* ¶ 4). Mannino claims that it negotiated with Stone's agent "to enter into an Agreement by which Plaintiff would Lease railcars from Defendant for the purpose of sub-leasing to other 'Investment Grade' company(ies)." (*Id.*). Mannino and Stone executed an agreement on November 26, 2013 ("Agreement")

whereby "Plaintiff would lease forty or more cars to an 'Investment Grade' Company, in exchange for $1500.00/month." (*Id.* ¶ 5). The Agreement also includes a "Governing Law" provision stating the following:

> The Agreement shall be deemed to have been executed and entered into in the States of Pennsylvania or Louisiana. The formation, operation, and performance of this Agreement shall be governed, construed, performed, and enforced in accordance with the substantive laws of either state without regard to its conflict of laws rules. Parties agree that any suit claiming any breach or right under this agreement must be brought in the state court of Pennsylvania or Louisiana.

(ECF No. 1-2 at 10 ¶ 7). On December 4, 2013, Mannino wired Stone $124,000 "in consideration for a lease of forty railcars for the months of December 2013 and January 2014." (ECF No. 1-2, Compl. ¶ 8). On December 6, 2013, Stone allegedly "agreed to lease an additional twenty railcars to Plaintiff for purposes of subleasing, under the same terms as the previous forty cars." (*Id.* ¶ 9). That same day, Mannino wired Stone $31,000 for the twenty additional railcars. (*Id.* ¶ 10). Mannino now contends that this December 6, 2013 transaction was made pursuant to the Agreement and that Stone failed to provide the twenty railcars as promised. (*See id.*).

On December 18, 2013, Stone expressed in writing that it wished to terminate the lease on all sixty railcars. (*Id.* ¶ 11). Stone filed a declaratory action in Louisiana state court on December 19, 2013, seeking to have the court declare that the Agreement was terminated by the December 18, 2013 termination letter to Mannino. (*See* ECF No. 13 at 3). Mannino filed suit in Pennsylvania state court on January 10, 2014, alleging breach of contract, tortious interference, and common law fraud. (*See* Compl., ECF No. 1-2). Stone

removed the action to this Court, and now moves to dismiss Mannino's complaint for lack of personal jurisdiction. In the alternative, Mannino moves to stay or dismiss this action under the first-to-file rule.

## III. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) allows a party to seek dismissal of a complaint for lack of personal jurisdiction over the defendant. In ruling on a Rule 12(b)(2) motion, "a court must accept the plaintiff's allegations as true and draw in the plaintiff's favor all reasonable inferences supported by the well-pleaded factual allegations." *Arrington v. Colortyme, Inc.*, 972 F. Supp. 2d 733, 739 (W.D. Pa. 2013) (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 151 n.1 (3d Cir. 1992)). The court need not limit the scope of its review to the pleadings and instead must consider affidavits and other competent evidence submitted by the parties. *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603–04 (3d Cir. 1990); *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Once the defendant raises a question of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Although the plaintiff must ultimately prove personal jurisdiction by a preponderance of the evidence, such a showing is unnecessary at the early stages of litigation. *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Rather, the plaintiff "need only establish a prima facie case of

personal jurisdiction." *Metcalfe v. Renaissance Marine Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quotation omitted).

IV.  **Discussion**

It is well established that personal jurisdiction is a waivable right. *Burger King v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). Relevant here, a defendant may consent to personal jurisdiction through the execution of a valid forum selection clause. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–04 (1982) (finding that a forum selection clause may act as consent to personal jurisdiction, thus obviating the need for the traditional minimum contacts analysis); *see also, e.g.*, *SKF USA Inc. v. Okkerse*, CIV.A. 13-5111, 2014 WL 185221 (E.D. Pa. Jan. 15, 2014). In such cases, the court need only determine the validity and effect of the forum selection clause to find that a defendant has consented to personal jurisdiction. *SKF USA Inc.*, 2014 WL 185221, at *7; *Provident Mutual Life Ins. Co. of Phila. v. Bickerstaff*, 818 F. Supp. 116, 118 (E.D. Pa. 1993) (citing *Burger King*, 471 U.S. at 475). In diversity cases, federal law governs the effect to be given a contractual forum selection clause. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995).

A.  **Forum selection clause**

Under federal law, a forum selection clause is "prima facie valid" and should be enforced unless it is "unjust or unreasonable." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A court must enforce a forum selection clause unless the party opposing its enforceability demonstrates

> (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

*Coastal Steel Corp. v. Tilghman Wheelabrator*, 709 F.2d 190, 202 (3d Cir. 1983). This heavy burden "requires more than a showing of inconvenience or additional expense." *Provident Mut. Life Ins. Co. of Philadelphia v. Bickerstaff*, 818 F. Supp. 116, 118 (E.D. Pa. 1993) (citations omitted).

Here, the language of the pertinent forum selection clause is clear. The clause states that the "[p]arties agree . . . any suit claiming any breach or right under this agreement must be brought in the state court of Pennsylvania or Louisiana." (ECF No. 1-2 at 10). Through this provision, the parties unequivocally consented to personal jurisdiction in Pennsylvania for the purpose of litigating any dispute arising under the Agreement.

In its motion to dismiss, Stone does not challenge the validity and effect of the forum selection clause in the Agreement. Instead, Stone argues that Mannino is only seeking recovery based on an alleged oral agreement that Stone would lease railcars to Mannino in the future. (ECF No. 13 at 5). In other words, Stone contends that the November 26, 2013 Agreement cannot serve as the basis for personal jurisdiction because the Agreement is not implicated in this case. In response, Mannino argues that the "basis of this suit is the breach of the November 16, 2013 [A]greement" and that the Agreement specifically contemplated the possibility of Mannino subleasing forty or more railcars, including the twenty railcars allegedly leased on December 6, 2013. (ECF No. 20 at 3).

In construing the factual allegations in the light most favorable to Mannino, the Court finds that Mannino has established a prima facie case of personal jurisdiction to withstand an initial Rule 12(b)(2) challenge. In furtherance of its breach of contract claim, Mannino avers:

> 9.) On December 6, 2013, Defendant agreed to lease an additional twenty railcars to Plaintiff, for purposes of subleasing, under the same terms as the previous forty cars.
>
> 10.) On December 6, 2013, Defendant accepted another sum of wired funds in the amount of $31,000.00.
>
> 18.) Defendant is currently holding Plaintiff's lease payment for twenty additional railcars in the amount of $31,000.00, with no intention of providing the railcars.
>
> 24.) . . . Defendant is in Breach of Contract by . . . failing to provide the additional twenty railcars for which they have been paid in advance.

(Compl. ¶¶ 9, 10, 18, 24). Based on these allegations, among others, Mannino contends that the November 26, 2013 Agreement governs this suit and that Stone has breached the Agreement by failing to provide the twenty railcars. Mannino also demands specific performance of the Agreement. (ECF No. 1-2 at 5). The Court perceives no reason why it should not construe these allegations in Mannino's favor to find that the November 26, 2013 Agreement is the subject of the current dispute.

Of course, by accepting Mannino's allegations as true at this early stage of litigation, the Court is not prevented from eventually revisiting the issue. "A denial of a preliminary challenge to personal jurisdiction does not bar the renewal of that motion after evidence bearing on it has been obtained by pretrial discovery or presented at trial."

*Schley v. Microsoft Corp.*, CIV.08-3589(DRD), 2009 WL 197568 (D.N.J. Jan. 23, 2009) (citing *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 914–15 (7th Cir. 1994)). Because Mannino must ultimately establish personal jurisdiction by a preponderance of the evidence, the Court will deny Stone's motion to dismiss for lack of personal jurisdiction without prejudice to its right to raise the issue in the future.

B. **First-to-file rule**

In the alternative, Stone has moved to stay or dismiss this action under the first-to-file rule. The rule states that, "in cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) (citations omitted). The rule generally applies when

> [the first-filed case is] truly duplicative of the [later-filed] suit. . . . That is, the one must be materially on all fours with the other. The issues must have such an identity that a determination in one action leaves little or nothing to be determined in the other.

*Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 334 (3d Cir. 2007) (internal citation and punctuation omitted).

Stone contends that the first-to-file rule applies in this case because, on December 19, 2013, Stone filed a declaratory-judgment action in Louisiana state court. In that case, Stone asked the court to declare that the November 26, 2013 Agreement was "terminable at will" and that the Agreement had been terminated on December 18, 2013. (*See* ECF No. 11-7). Here, the Court is tasked with determining whether Stone breached the November 26, 2013 Agreement while it remained in force. As well, Mannino has advised the Court

that there is no pending action in Louisiana: "On March 24, 2014, the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, issued an Order granting Default Judgment to John W. Stone Oil against Sam Mannino Enterprises, LLC." (ECF No. 20 at 4). Because the two suits are not duplicative, and because there is no pending action in Louisiana, the Court will not stay or dismiss this action under the first-to-file rule.

**V.     Conclusion**

Mannino has demonstrated a prima facie case of personal jurisdiction over Stone in Pennsylvania, and the first-to-file rule does not apply in this case. The Court will thus deny Stone's motion to dismiss. This denial is without prejudice to Stone's right to renew any of its arguments with respect to personal jurisdiction at a later stage of litigation.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAM MANNINO ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:14-06 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| JOHN W. STONE OIL DISTRIBUTOR, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**And now**, this 23rd day of June 2014, upon consideration of Defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, to stay or dismiss this action pursuant to the first-to-file rule (ECF No. 11), and upon further consideration of the briefs accompanying the motion, and for the reasons explained in the foregoing memorandum opinion,

**IT IS HEREBY ORDERED** that the motion is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE